United States District Court
Southern District of Texas
**ENTERED**
May 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW BURKE, <br> (Inmate # P00242515) <br> *Plaintiff*, <br><br> vs. <br><br> OFFICER LOPEZ, *et al.*, <br><br> *Defendants*. | §§§§§§§§§§§ | CIVIL ACTION NO. H-23-1843 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Burke is a pretrial detainee confined in the Fort Bend County Jail. On May 18, 2023, he filed a civil rights action under 42 U.S.C. § 1983, alleging that in November 2022, jail officials used excessive force against him and then denied him medical care. (Dkt. 1, pp. 3-7). In addition to his complaint, Burke filed a motion to proceed *in forma pauperis*, together with a copy of his inmate trust fund account statement. (Dkts. 2, 3). Because Burke has not paid the applicable filing fee and is not eligible to proceed *in forma pauperis* in this action, the Court dismisses this action as explained further below.

### I.   BACKGROUND

Burke is currently in the Fort Bend County Jail awaiting trial on charges of aggravated assault with a deadly weapon, assault on a public servant, and solicitation

1/ 6

of capital murder for remuneration. *See* Fort Bend District Clerk's Office, available at https://www.tylerpaw.co.fort-bend.tx.us (last visited May 21, 2023). In his complaint, he sues Detention Officer Lopez, Deputy Wolf, and Sergeant Betancourt, alleging that they used excessive force against him during an incident in November 2022. (Dkt. 1, pp. 3-4). He alleges that Officer Lopez approached his cell, pretending that the nurse needed to take Burke's blood pressure. (*Id.* at 4). After handcuffing Burke, Officer Lopez took Burke to the ground and put his knee on Burke's solar plexus. (*Id.*). Burke alleges that Deputy Wolf and Sergeant Betancourt then held him down while Officer Lopez repeatedly hit Burke in the face. (*Id.*). Burke alleges that all three then took him to a padded cell, where Officer Lopez "attempted to break my back with his knee." (*Id.*).

Burke also sues Nurse Practitioner Dawn Simmons, alleging that she refused to provide him with medical care after the incident. (*Id.* at 3-6). He sues Lieutenant Reiser, alleging that Lieutenant Reiser threatened him about a week after the incident and later disconnected the medical emergency button in his cell. (*Id.* at 6-7). Finally, he sues the City of Richmond and Fort Bend County as "financial entities." (*Id.* at 3).

As relief, Burke seeks $75,000 in damages, an injunction ordering the Jail to provide him with access to "doctor appointments," and an injunction ordering his release from custody or a "change of venue." (*Id.* at 4).

## II. DISCUSSION

Because Burke is currently incarcerated, his civil action is governed by the Prison Litigation Reform Act ("PLRA"), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, an inmate may not proceed *in forma pauperis* if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of nonmeritorious' prisoner litigation") (quoting *Jones*, 549 U.S. at 203).

Court records reflect that, since he has been incarcerated, Burke has filed no fewer than six previous actions that have been dismissed by the federal courts as frivolous or for failure to state a claim upon which relief could be granted. *See, e.g., Burke v. Ft. Bend Cty. Sheriff's Office, et al.*, Civil No. 4:22-cv-2577 (S.D. Tex. Nov. 3, 2022); *Burke v. Diaz*, Civil No. 4:23-cv-332 (S.D. Tex. Feb. 2, 2023); *Burke v. Chesser, et al.*, Civil No. 4:23-cv-842 (S.D. Tex. Mar. 14, 2023); *Burke v. Bridges, et al.*, Civil No. 4:23-cv-1011 (S.D. Tex. Mar. 27, 2023); *Burke v. Webb*, Civil No.

4:22-cv-4366 (S.D. Tex. Apr. 27, 2023); *Burke v. Soland*, Civil No. 3:23-cv-300 (S.D. Tex. May 11, 2023). As a result, Burke has incurred three strikes for purposes of the PLRA's three-strikes rule, and he is barred from proceeding in this civil action *in forma pauperis* unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

To attempt to take advantage of the statutory exception, Burke alleges that he is in imminent danger of serious physical harm based on Lieutenant Reiser's alleged threats. (Dkt. 1, p. 7). But the imminent danger exception is intended to apply to "genuine emergencies, where time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). Because of this, the prisoner must be in imminent danger when he files his action in district court; not at some unspecified time in the past. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Baños*, 144 F.3d at 884. Moreover, the threat of serious physical injury must be related to the allegations in the plaintiff's complaint. *See, e.g., Judd v. Fed. Election Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009) (per curiam); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam) (rejecting a claim of imminent danger when the plaintiff did not "plausibly plead any connection between the alleged imminent danger" and his claims).

In this case, Burke alleges that jail officials used excessive force against him and denied him medical care in November 2022. He alleges that Lieutenant Reiser threatened him a week later and disconnected his medical emergency button some time after this. These allegations do not show that Burke was in imminent danger when he filed this complaint in May 2023. Moreover, any possible threat posed by Lieutenant Reiser does not relate to Burke's allegations of excessive force and denial of medical care in November 2022. And while Burke alleges that he lives in fear for his life in the Jail, "[p]risoners cannot exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Morris v. Walls*, No. 19-cv-00006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019).

Burke does not allege facts sufficient to establish that he is currently in imminent danger of serious bodily harm. He is therefore barred by § 1915(g) from proceeding with this action *in forma pauperis*.

## III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. This prisoner civil rights action filed by Andrew Burke is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. All other pending motions, including Burke's motion to proceed *in forma pauperis*, (Dkt. 2), are **DENIED as moot**.

3. Burke may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($402.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____May 22_____, 2023.

> DAVID HITTNER
> UNITED STATES DISTRICT JUDGE